**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **ELAINE ANN WAKE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:21CV174 HEA** |
| | ) | |
| **KILOLO KIJAKAZI,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**OPINION, MEMORANDUM AND ORDER**</u>

This matter is before the Court for judicial review of the final decision of the Commissioner of Social Security denying the application of Plaintiff Elaine Ann Wake for disability and disability insurance benefits under Title II of the Social Security Act (SSA), 42 U.S.C. §§ 401-434. The Court has reviewed the filings and the administrative record as a whole, which includes the hearing transcript and medical evidence. The decision of the Commissioner will be affirmed.

<u>**Background**</u>

Plaintiff applied for disability and disability insurance benefits on January 2, 2020. Plaintiff alleges that she is disabled due to chronic back and knee pain. On February 4, 2021, a hearing was held in front of an Administrative Law Judge (ALJ). In an opinion issued on March 17, 2021, the ALJ determined that Plaintiff was not under a disability at any time from her alleged onset date of January 15,

2019. The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date but did receive unemployment benefits in 2019. In his decision, the ALJ found Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine, degenerative joint disease of the right knee, and obesity. The ALJ noted Plaintiff's non-severe impairments, including anxiety and depression. However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. While the ALJ found none of Plaintiff's impairments met or medically equaled a listed impairment, the ALJ did find some limitations. Specifically, the ALJ found Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567(b) with the following limitations:

> …[Plaintiff] should not climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs. She can occasionally stoop, kneel, crouch, and crawl. She should not balance on narrow, moving, irregular, or slippery surfaces, but could frequently balance on level, stationary, surfaces such as floors. She can occasionally push, pull, and operate foot pedals with her right lower extremity.

Based on vocational expert testimony, the ALJ found Plaintiff could perform her past relevant work as an embroidery machine operator, which does not require the performance of work-related activities precluded by Plaintiff's RFC (20 CFR 404.1565).

Plaintiff filed a timely Request for Review of Hearing Decision, and the
Appeals Council denied the request for review. Plaintiff has exhausted all
administrative remedies. The decision of the ALJ stands as the final decision of the
Commissioner.

### Hearing Testimony

Plaintiff was born in 1963. She was represented by counsel at the hearing.
Plaintiff was 57 years old at the time of her hearing. She completed high school
and is able to read and write. She testified she is married and lives with her
husband, who is disabled. She does not provide care to her disabled spouse, but he
provides care to her by doing household chores. As for her activities of daily
living, she is able to take care of her own hygiene and personal care, such as dress
and bathe herself. She can walk around without an assistance from a cane or
crutch.

Plaintiff testified her most recent job was full-time at Paramount Headwear
Apparel ("Paramount") as a hat embroidery machine worker from October 2018
until January 15, 2019. She made approximately $2,900 in 2018 and $2,500 in
2019. While she worked, she was primarily standing seven and half hours out of an
eight-hour workday, and the most weight she had to lift and carry was five pounds.
Prior to Paramount, she had several full-time jobs, including time as a healthcare
assistant at National Health Corporation in 2017 and 2018, Willow Healthcare in
2015 and 2016, and TJ Swift House between 2012 and 2015. She also worked at

Subway before her time at TJ Swift and at Monarch Hardwood between 2008 and 2008 sawing flooring wood. Plaintiff testified she had a torn meniscus injury in 2016 while working at TJ Swift when a man threw a piece of wood at her, which resulted in a Workers' Compensation claim.

A Vocational Expert (VE) testified, and the ALJ posed the following hypothetical: an individual with the Plaintiff's same age, education, and work history, who is able to perform work only at a light exertional level, who can occasionally climb ramps and stairs; stoop, kneel, crouch and crawl; and push, pull, and operate foot pedal with right lower extremity; but cannot climb ladders, ropes or scaffolds; cannot balance on narrow, moving irregular or slippery surfaces, but could frequently balance on level stationary surfaces, such as the floor. The VE testified, consistent with the Dictionary of Occupational Titles (DOT), that person could perform Plaintiff's past work as an embroidery machine operator.

A second hypothetical was posed, assuming the same facts as the first except the individual is able to perform work at a sedentary exertional level instead of light. The VE testified that person could not perform Plaintiff's past work as an embroidery machine operator.

## **Legal Standard**

To be eligible for benefits under the Social Security Act, Plaintiff must prove that [s]he is disabled. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Secretary of Health & Human Servs.,* 955 F.2d 552, 555 (8th Cir. 1992). The Social Security Act defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual will be declared disabled "only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner engages in a five-step evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). At Step One, the ALJ determines whether the claimant is currently engaged in substantial gainful activity. At Step Two, the ALJ considers whether the claimant has a "severe" impairment or combination of impairments. At Step Three, the ALJ determines whether the severe impairment(s) meets or medically equals the severity of a listed impairment; if so, the claimant is determined to be disabled, and if not, the ALJ's analysis proceeds to Step Four.

At Step Four of the process, the ALJ must assess the claimant's residual functional capacity (RFC) – that is, the most the claimant is able to do despite her physical and mental limitations, *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011) – and determine whether the claimant is able to perform any past relevant work. *Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (RFC assessment occurs at the fourth step of process).

The claimant bears the burden through Step Four of the analysis. If [s]he meets this burden and shows that [s]he is unable to perform [her] past relevant work, the burden shifts to the Commissioner at Step Five to produce evidence demonstrating that the claimant has the RFC to perform other jobs in the national economy that exist in significant numbers and are consistent with [her] impairments and vocational factors such as age, education, and work experience. *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012).

The Court must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010). Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion. *Jones*, 619 F.3d at 968. Additionally, the Court must consider evidence that supports the Commissioner's decision as well as any evidence that fairly detracts from the decision. *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). If, after reviewing

6

the entire record, it is possible to draw two inconsistent positions and the Commissioner has adopted one of those positions, the Court must affirm the Commissioner's decision; the Court may not reverse the Commissioner's decision merely because substantial evidence could also support a contrary outcome. *Id; See also, Fentress v. Berryhill*, 854 F.3d 1016, 1021 (8th Cir. 2017).

**Residual Functional Capacity (RFC)**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations.  *See* 20 C.F.R. § 404.1545.  An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p.

## <u>Decision of the ALJ</u>

At Step One of the decision, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. At Step Two, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine, degenerative joint disease of the right knee, and obesity. The ALJ noted Plaintiff's non-severe impairments, including anxiety and depression. However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. While the ALJ found

none of Plaintiff's impairments met or medically equaled a listed impairment, the ALJ did find some limitations. Specifically, the ALJ found Plaintiff retained the RFC to perform sedentary work, as defined in 20 CFR 404.1567(a), with the following limitations: Plaintiff should not climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs. She can occasionally stoop, kneel, crouch, and crawl. She should not balance on narrow, moving, irregular, or slippery surfaces, but could frequently balance on level, stationary, surfaces such as floors. She can occasionally push, pull, and operate foot pedals with her right lower extremity.

At Step Four, the ALJ found Plaintiff could perform her past relevant work as an embroidery machine operator, which does not require the performance of work-related activities precluded by Plaintiff's RFC (20 CFR 404.1565). Continuing to Step Five was not necessary, and the ALJ found Plaintiff not disabled.

## Statement of the Issues

Generally, the issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. The issues here are (1) whether substantial evidence supports the ALJ's determination of Plaintiff's RFC and whether the ALJ properly considered medical opinion evidence and Plaintiff's subjective

complaints; and (2) whether the ALJ properly determined that Plaintiff could perform past relevant work.

## Discussion

The ALJ carefully detailed his findings through his discussion of Plaintiff's impairments. As described above, this Court's role is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson*, 402 U.S. at 401; *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). So long as there is substantial evidence in the record that supports the decision, this Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).

**Whether the RFC is Supported by Substantial Evidence and Whether the ALJ Properly Considered Medical Opinion Evidence and Plaintiff's Subjective Complaints**

Plaintiff argues that the RFC finding is not supported by substantial evidence, and the ALJ did not properly consider medical opinion evidence and Plaintiff's subjective complaints.

"The Commissioner must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations." *Hensley v. Colvin*, 829 F.3d 926, 931-32 (8th Cir. 2016) (citation omitted).

9

"'Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace.' However, there is no requirement that an RFC finding be supported by a specific medical opinion." *Id.* at 932 (citation omitted). "[I]n evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner." *Cox v. Astrue*, 495 F.3d 614, 619-20 (8th Cir. 2007) (citation omitted).

When evaluating medical opinion evidence, the ALJ will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinions, including those from Plaintiff's medical sources. *See* 20 C.F.R. § 404.1520c(a). Under the regulations, the ALJ focuses on the persuasiveness of each medical opinion using the five regulatory factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) any other relevant factors. *Id.* § 404.1520c(a)-(c). The most important factors the ALJ considers are supportability and consistency. *See Id.* § 404.1520c(b).

In *Polaski*, the Eighth Circuit held, in evaluating a claimant's subjective complaints and related functional limitations, the ALJ should consider: the absence of objective medical evidence; the claimant's prior work record; and observations by third parties (including treating and examining physicians) regarding such

matters as (1) the claimant's daily activities; (2) the duration, frequency, and intensity of pain or other symptoms; (3) any precipitating and aggravating factor; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. *Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir. 1984). The Eighth Circuit recognized "[t]he ALJ is in the best position to gauge the credibility of testimony and is granted deference in that regard." *See Estes*, 275 F.3d at 724. If the ALJ explicitly discredits a claimant's subjective complaints and gives good reasons, the Eighth Circuit has held it will defer to the ALJ's judgment, even if the ALJ does not cite to *Polaski* or discuss every factor in depth. *See Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007); *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004).

The ALJ acknowledged Plaintiff's impairments and her complaints of pain, finding some restrictions were necessary. After consideration of the objective medical evidence and Plaintiff's history, the ALJ declined to find such limitations to warrant a finding of disability. For instance, the ALJ reviewed the diagnostic imaging of her lumbar spine showing degenerative disc disease at L4-5, but noted there is indication of significant spinal stenosis, or nerve root impingement. The ALJ acknowledged the tenderness in Plaintiff's lower back, but her physical examination findings have otherwise been generally unremarkable and exhibit full range of motion in her lumbar spine. The ALJ detailed Plaintiff can squat and arise with ease, has no difficulty getting on and off an examination table, can perform

tandem walking normally, and is able to walk on her heels and toes and stand on one foot bilaterally. The ALJ recognized Plaintiff's knee and back pain may be exacerbated, to some extent, by her weight and considered her obesity in determining her RFC, noting that despite her obesity, Plaintiff's physical examination findings have been relatively good.

The ALJ reviewed Plaintiff's treatment records for her right knee injury in 2016 and noted they reflect a diagnosis of right knee osteoarthritis. Although examinations of Plaintiff's right knee indicated tenderness to palpation, crepitus, joint effusion, and pain with range of motion, the ALJ considered findings during her March 2020 consultative examination that Plaintiff exhibited full range of motion in her knee. The ALJ explained that Plaintiff had not required surgical intervention for either her knee or back pain. In fact, Plaintiff reported that her knee pain is well controlled with medication and the injury has not prevented her from remaining physically active. The ALJ pointed out that she continued to work following her accident until January of 2019. The ALJ properly considered the conservative treatment that Plaintiff received and evidence showing that impairments were managed with medication as impairments that can be controlled by treatment or medication cannot be considered disabling. See *Buford v. Colvin*, 824 F.3d 793, 797 (8th Cir. 2016).

The ALJ discussed Plaintiff's testimony at her hearing that she is able to take care of her personal care needs and can walk around without an assistive

device, like a cane or crutch. The ALJ explained that during her last job, Plaintiff testified she stood for the entirety of her workday, which was nearly three years after her knee injury, until she was laid off. There is no evidence she had any performance problems prior to being laid off in January 2019. Also, Plaintiff received unemployment benefits in 2019. While not a sole factor in deciding a case, unemployment benefits can be one of many factors considered, in that an individual receiving unemployment benefits must, by law, indicate that they are ready, willing, and able to work in order to receive ongoing unemployment benefits.

The ALJ considered and found the opinions of State agency medical consultants, Judee Bland, M.D., and William Busby, M.D., both who opined Plaintiff can perform medium exertional work, not persuasive.  While Plaintiff's physical examination findings, as discussed above, have been largely normal, based on the additional evidence regarding her lumbar degenerative disc disease at the hearing level, the ALJ found a restriction to light exertional work more appropriate.

The ALJ found the two medical source statements completed by Plaintiff's physician, Deborah Sheehan, D.O., not persuasive. Dr. Sheehan opined that Plaintiff has marked impairments in all areas of mental functioning, can sit for less than two hours per workday, stand or walk for less than two hours per workday, lift less ten pounds, needs to be able to shift positions at will, needs to lie down at

13

unpredictable times during the workday, and would miss more than three days of work per month. The ALJ found these limitations to be rather extreme and not at all consistent with the physical examination findings discussed above or with Plaintiff's reports (to the same provider) that her pain is under control with medication, allowing her to stay physically active. The ALJ found Dr. Sheehan's assessment of the Plaintiff's mental functioning is also not consistent with Plaintiff's own reporting, as she did not allege problems with memory, understanding, concentration, following instructions, or getting along with others. The ALJ highlighted that Dr. Sheehan has been willing to complete paperwork for Plaintiff, certifying that she is disabled, so that she could save money on her taxes. The ALJ explained this did "little to bolster the persuasiveness of her opinion, particularly when the limitations opined to are so obviously in excess of what is supportable by the evidence."

The ALJ properly considered the medical opinion evidence and applied the pain standard based on Plaintiff's subjective complaints. The ALJ acknowledged that Plaintiff does have physical and mental impairments, which warrant some work restrictions. However, the ALJ's decision to discredit those complaints was in conjunction with the record as a whole, which were adequately explained with good reasons supported by substantial evidence. In explaining his findings, the ALJ need only  "minimally articulate reasons for crediting or rejecting evidence of

14

disability." *Strongson,* 361 F.3d at 1070 (citing *Ingram v. Chater*, 107 F.3d 598, 601 (8th Cir. 1997).

**Whether the ALJ Properly Determined that Plaintiff Could Perform Past Relevant Work**

Plaintiff next challenges the ALJ's finding at Step Four that she could perform her past relevant work as an embroidery machine operator at Paramount. At the hearing, the ALJ's first hypothetical posed to the VE involved an individual with the Plaintiff's same age, education, and work history and an RFC identical to the one the ALJ's decision. The VE testified, consistent with the DOT, that person could perform Plaintiff's past work as an embroidery machine operator.

Plaintiff argues that her employment at Paramount does not meet the SSA's statutory definition for past relevant work. "Past relevant work is work that [Plaintiff has] have done within the past 15 years, that was substantial gainful activity [SGA], and that lasted long enough for [Plaintiff] to learn to do it." 20 CFR 404.1560(b)(1). The ALJ found that Plaintiff's employment at Paramount met the definition of past relevant work, determining that based on the VE's testimony and in comparing her RFC with the physical and mental demands of this work, she is able to perform her past relevant work.

Initially, Plaintiff argues she did not make enough money to qualify for the ALJ's finding that her past relevant work was SGA. Her quarterly earnings at Paramount for the fourth quarter of 2018 was $2,957.52 and the first quarter of

2019 was $2547.54. Plaintiff performed this job from October 2018 until January 15, 2019. In less than a four-month period, Plaintiff earned $5,505.06. Under SSA policies, the countable monthly earnings are averaged. Plaintiff's earnings average, $1,376.27, is an amount that exceeds the threshold for SGA.

In her reply to Defendant's brief, Plaintiff makes a new argument that because there is no evidence that her termination at Paramount was due to disabilities affecting her work performance, the ALJ erred in finding this was past relevant work.

To determine an unsuccessful work attempt, if the work lasted more than 3 months, it must have ended or have been reduced to the non-SGA level within 6 months due to the impairment or to the removal of special conditions, such as frequent absences or unsatisfactory work, related to the impairment that are essential to the further performance of work. SSR Policy Statement 84-25(2).

At the hearing, Plaintiff testified her job at Paramount ended because they laid her off after four months.  Plaintiff never said, nor does any evidence in the record support, that her Paramount job ended because of her impairments, or anything related to them, such as needing too many breaks or missing too much work for pain or appointments. In fact, Plaintiff testified that she believes she made it to the end of her probationary period before she was laid off, further indicating it was not related to the necessary factors for an unsuccessful work attempt. As discussed above, the ALJ thoroughly explained the medical opinion evidence that

supports Paramount was SGA. For instance, Plaintiff testified that this knee injury occurred in 2016, and she continued to work following her accident until January of 2019, when the Paramount job ended. The ALJ took into consideration her knee injury and noted that Plaintiff had not required surgical intervention for her knee or her back pain. Plaintiff even reported that her knee pain is well controlled with medication and has not prevented her from remaining physically active. She has experienced side effects from her pain medication. As mentioned above, Plaintiff also received unemployment benefits in 2019, which requires the individual receiving unemployment benefits to indicate, by law, that they are ready, willing, and able to work in order to receive ongoing unemployment benefits. The ALJ properly concluded that there is little to suggest that, but for the layoff, she would not still be working at Paramount. There was no evidence to support this job was an unsuccessful work attempt due to her impairments.

The ALJ properly referenced the evidence that supported his finding that Plaintiff's job as an embroidery machine worker at Paramount was performed at the substantially gainful level and constituted past relevant work. Therefore, substantial evidence in the record as a whole supports the ALJ's findings in Step Four that Plaintiff could perform her past work as an embroidery machine worker, and such work qualifies as "relevant past work."

## <u>Conclusion</u>

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. *Perkins v. Astrue,* 648 F.3d 892, 900 (8th Cir. 2011).

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED.**

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 15th day of March, 2023.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE